UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2:22-cv-14146-AMC

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

    *Plaintiff*,

v.

MICHAEL A. POOL, THOMAS C.
SERVINSKY, and MARIE L. SERVINSKY,

    *Defendants*.

_____/

## **DEFENDANTS' JOINT MOTION TO DISMISS**

Defendants, Thomas C. Servinsky, Marie L. Servinsky (collectively "Servinsky"), and Michael A. Pool ("Mr. Pool"), pursuant to Fed. R. Civ. P. 12(b), move this Court for entry an Order dismissing Employers Insurance Company of Wausau ("Employers") Petition for Declaratory Relief [D.E. 1] because its request for relief regarding its duty to defend fails to state a claim for relief under 12(b)(6) and its request for relief regarding its duty to indemnify is not ripe and therefore lacks subject-matter jurisdiction under 12(b)(1).

## **INTRODUCTION**

This declaratory relief action arises out of a state court lawsuit pending in the 19th Judicial Circuit in and for Martin County, Florida, *Thomas C. Servinsky et.al. v. Michael A. Pool, et. al.*, No. 2019-CA-000951 (the "Underlying Lawsuit"). Thomas and his wife Marie Servinsky filed the Underlying Lawsuit seeking damages against Michael Pool and his employer Ebsary Foundation, Company, as well as the Servinsky's uninsured motorist carrier, GEICO, arising from

a December 22, 2016 auto accident in which Mr. Pool was alleged to have negligently driven a vehicle owned by Ebsary Foundation when he collided with Mr. Servinsky, causing him damages.

There are two issues posed by Employers' Complaint: its duty to defend and its duty to indemnify. Employers' pleadings fail to state a claim for relief regarding its duty to defend, and whether it has a duty to indemnify is not yet ripe, stripping this Court of subject-matter jurisdiction.

## **MEMORANDUM OF LAW**

### I.     Employers has Failed to set forth a Claim for Relief on its Duty to Defend based on the Allegations of the Underlying Complaint and its Policy Language

To survive dismissal, "the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard). And while courts generally "disfavor resolving issues involving contract interpretation at the motion to dismiss stage[,] . . . [t]he issue of whether [Employers] has a duty to defend, however, is an exception in this case as there are no facts in dispute." *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1145 (S.D. Fla. 2015).

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings **and exhibits** attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County,* 999 F.2d 1508, t1510 (11th Cir.1993)) (emphasis added). Based on the facts set forth in the Complaint, as well as the Underlying Complaint which was attached as an exhibit, Employers request for relief as to its duty to defend Mr. Pool in the Underlying Lawsuit is without legal or factual merit and does not rise above the level of speculation.

Employers issued an insurance policy to Ebsary Foundation Co., Inc., which was in effect from October 1, 2016 to October 1, 2017 (the "Policy"). [D.E. 1] at ¶16. The Policy provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . caused by an 'accident' and resulting from the ownership, maintenance of use of a covered 'auto.'" [D.E. 1] at ¶17. "Insureds" includes anyone "while using with your permission a covered 'auto' you own, hire, or borrow." [D.E. 1] at ¶18. The Underlying Lawsuit, which was attached to Employers' Complaint alleged that "On or about December 22, 2016, Defendant EBSARY FOUNDATION COMPANY, owned and negligently maintained and/or negligently entrusted a 2011 Chevy Truck to Defendant, MICHAEL, A. POOL. [D.E. 1-1] at ¶9. It also alleged that "MICHAEL A. POOL[] was the permissive operator of Defendant, EBSARY FOUNDATION COMPANY's 2011 Chevy Truck, near the intersection of Monterrey Road and Palm City Road, in Martin County, Florida. [D.E. 1-1] at ¶10.

An insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage. *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442 (Fla. 2005); *see also Pepper's Steel & Alloys, Inc. v. U.S. Fid. & Guar. Co.*, 668 F. Supp. 1541, 1545 (S.D. Fla. 1987) (holding the duty to defend applies "so long as the allegations against the insured *even arguably* come within the policy coverage") (emphasis in original). The duty to defend is determined solely by the allegations of the complaint, not by either party's version of the facts. *Id.* at 443; *Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co.*, 696 So. 2d 907, 909-10 (Fla. 3d DCA 1997). All doubts as to whether a duty to defend exists are resolved in favor of the insured. *Jones*, 908 So. 2d at 443.

An insurer's duty to defend is distinct from, and broader than, its duty to indemnify. *Category 5 Management Group, LLC v. Companion Property and Casualty Insurance Company*,

76 So. 3d 20, 23 (Fla. 1st DCA 2011). Even information that the insurer learns through its "own investigation … [is] legally insufficient to relieve [the insurer] of the obligation to defend. When the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend." *Id.* at 814; *see also Westport Ins. Corp. v. VN Hotel Grp., LLC*, 513 F. App'x 927, 931 (11th Cir. 2013); *National Union Fire Insurance Company of Pittsburgh, PA v. Florida Crystals Corporation*, 2016 WL 7542091 (S.D. Fla. 2016). "If an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Lawyers Title Ins. Corp v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995).

Florida law is well-settled that whether an insurer has a duty to defend depends on the allegations contained in the complaint against its insured in the underlying action. *See, e.g., Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017). The rule is called the "eight corners rule," a reference to the four corners of the policy and the four corners of the complaint. *Id*. Where the underlying complaint alleges facts which actually <u>or potentially</u> fall within the scope of coverage, the insurer is obligated to defend the entire suit. *Kopelowitz v. Home Ins. Co.*, 977 F. Supp. 1179, 1185 (S.D. Fla. 1997) (citing *MCO Envtl., Inc. v. Agric. Excess & Surplus Ins. Co.*, 689 So. 2d 1114, 1115 (Fla. 3d DCA 1997)). The allegations in the underlying complaint, regardless of whether they are supported by facts, determine the duty to defend:

> The duty to defend is of greater breadth than the insurer's duty to indemnify, and the insurer must defend even if the allegations in the complaint are factually incorrect or meritless. Indeed, when the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend… <u>The central inquiry in a duty to defend case is whether the complaint alleges facts that fairly and potentially bring the suit within policy coverage.</u>

*Hallums v. Infinity Ins. Co.*, 945 F.3d 1144, 1148-49 (11th Cir. 2019) (emphasis added) (internal citations omitted).

The allegations in the Underlying Complaint fall squarely within the Policy's insuring clause and definition of an Insured. The determinative question regarding Employers' duty to defend is whether the Underlying Complaint alleges that Mr. Pool had permission to use the Ebsary Foundation's auto at the time of the accident – not whether the actual facts would support the allegation. The Complaint in the instant action does not raise any exclusions but simply states that Mr. Pool did not have permission to use the auto. This statement is contrary to the allegations in the Underlying Complaint that Mr. Pool was a permissive driver of the Ebsary Foundation's covered "auto" at the time of the accident. *See* [D.E. 1] at ¶10; *compare* [D.E. 1-1] at ¶9-10. Based on the four corners of the Underlying Complaint, and the four corners of the Policy, it is undisputed that Employers has a duty to defend Mr. Pool in the Underlying Action. Employers' pleadings do not establish otherwise, as they adopt and incorporate the Underlying Complaint which sets forth the allegations of permissive use which brings the claim within coverage. Employers fails to establish a claim for relief under Fed. R. Civ. P. 12(b)(6) regarding its duty to defend. Its Complaint should be dismissed as to its duty to defend. Employers' remaining request for relief addresses Employers' duty to indemnify. That issue is not ripe and also mandates dismissal of the entire declaratory judgment action.

**II.     Employers Duty to Indemnify is not Ripe Because The Underlying Lawsuit is Still Pending, Depriving this Court of Subject-Matter Jurisdiction**

This Court lacks subject matter jurisdiction because Employer's duty to indemnify is not yet ripe. The Federal Declaratory Judgment Act, 28 U.S.C. § 2201, on which Employers' Complaint is based, provides that "any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201. "Since

its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The United States Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 286-87. And while the Act "gives the federal courts competence to make a declaration of rights," it does not "impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005).

A district court thus always has discretion as to whether to entertain an action for a declaratory judgment. *Cas. Indem. Exch. v. High Croft Enters., Inc.*, 714 F. Supp. 1190, 1193 (S.D. Fla. 1989) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942)); *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111 (1962)); *see also Angora Enters., Inc. v. Condo. Ass'n. of Lakeside Village, Inc.*, 796 F.2d 384, 387 (11th Cir. 1986) ("the district court could have properly refused to address the merits of the claim by resort to its inherent discretion to decline to entertain a declaratory action"). Courts also have broad discretion to stay unripe claims. *Pro Net Global Ass'n, Inc. v. U.S. Liab. Ins. Co.*, Nos. 3:02-cv-396-J-32TEM, 3:02-cv-617-J-32TEM, 2004 WL 6062923, at *2 (M.D. Fla. Mar. 8, 2004) (citing *Wilton*, 515 U.S. at 288); *Everest Reinsurance Co. v. Am. Guard Servs., Inc.*, No. 1:15-cv-22404-KMM, 2015 WL 9258098, at *3 (S.D. Fla. Dec. 18, 2015) (citing *Wilton*, 515 U.S. at 286).

The Act provides that a declaratory judgment may only be issued in the case of an "actual controversy," which must be immediate, substantial and continuing and must create a "definite, rather than speculative threat of future injury." 28 U.S.C. § 2201 et seq.; *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). The "case or controversy" requirement of the Constitution limiting federal court jurisdiction similarly requires that "a plaintiff must have suffered some actual injury

that can be remedied or redressed by a favorable judicial decision." *Nat'l Adver. Co. v. City of Ft. Lauderdale*, 934 F.2d 283, 285-86 (11th Cir. 1991) (abrogated on other grounds by *Flanigan's Enterprises, Inc. of Georgia v. City of Sandy Springs, Georgia*, 868 F.3d 1248 (11th Cir. 2017)). This requirement shields federal courts from being drawn into disputes as to abstract or hypothetical cases, or ones in which purely advisory opinions affecting a dispute are being sought. *See, e.g., Emory*, 756 F.2d at 1551-52 ("The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

    **A. The Duty to Indemnify is based on the Actual Facts and Resolution of the Underlying Lawsuit**

The duty to indemnify is separate and distinct from the duty to defend. *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 771 (11th Cir. 2019). While the duty to defend depends "solely on the allegations in the complaint filed against the insured," the duty to indemnify "is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means." *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001); *see also Westport Ins. Corp. v. VN Hotel Grp., LLC*, 761 F. Supp. 2d 1337, 1348 (M.D. Fla. 2010) ("Except where there is no duty to indemnify for want of a duty to defend, an insurer's duty to indemnify is dependent on the outcome of a case . . ."). "[W]hereas the duty to defend is measured by the allegations of the underlying complaint, the duty to indemnify is measured by the facts as they unfold at trial or are inherent in the settlement agreement." *HBE Corp.*, 160 F. Supp. 2d at 1360; *see also Atain Specialty Ins. Co. v. Miami Drywall & Stucco, Inc.*, No. 12-21370-CIV, 2012 WL 3043002, at *2 (S.D. Fla. July 25, 2012); *Am. Nat'l Fire Ins. Co. v. M/V Seaboard Victory*, No. 08-21811-CIV, 2009 WL 812024, at *1

(S.D. Fla. Mar. 17, 2009) ("[b]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim").

Employers seeks a declaration regarding its indemnity obligation for the Underlying Lawsuit, but such a declaration is premature at this juncture because the Underlying Lawsuit has not yet been resolved. Courts routinely dismiss or stay declaratory judgment actions where, as here, the insurer is seeking a determination as to its duty to indemnify while the underlying lawsuit is still pending. *See, e.g., RSUI Indem. Co. v. Ocean View Nursing and Rehab. Center, LLC, et.al.*, No. 6:21-cv-866-WWB-LHP (M.D. Fla. Mar. 4, 2022) [D.E. 40], attached as Ex. A (dismissing insurer's declaratory judgment action as premature because the underlying lawsuit was still pending); *Atain Specialty Inc. Co. v. Sanchez*, No. 8:17-cv-1600-T-23AEP, 2018 WL 1991937 (M.D. Fla. Apr. 27, 2018) (dismissing request for declaration as to carrier's duty to indemnify for pending underlying personal injury action as unripe); *Philadelphia Indem. Ins. Co. v. Stazac Mgmt., Inc.*, No. 3:16-cv-369-J-34MCR, 2017 WL 1149328, at *2 (M.D. Fla. Mar. 28, 2017) (staying insurer's request for declaration as to its indemnity obligations pending resolution of underlying action asserting civil theft and conversion claims); *Progressive Am. Ins. Co. v. Kanzer*, No. 8:16-CV-1154-T-30AEP, 2016 WL 3459486 (M.D. Fla. June 24, 2016) (staying action implicating carrier's indemnity obligations until underlying auto accident action concludes); *Am. Guard Servs.*, 2015 WL 9258098, at *3-4 (staying counts concerning carrier's indemnity obligations pending resolution of underlying personal injury action); *Auto-Owners Ins. Co. v. Globe Int'l Ministries, Inc.*, No. 3:14cv150/MCR/CJK, 2015 WL 11110847, at *6 (N.D. Fla. Sept. 26, 2015) (staying action implicating carrier's indemnity obligations until underlying action alleging negligent hiring, training and supervision claims concludes); *Gaddis Corp.*, 145 F. Supp.

at 1153 (staying indemnity question as premature until resolution of underlying action); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Fla. Crystals Corp.*, No. 14-81134-CIV-COHN/VALLE, 2015 WL 11422288, at *1-2 (S.D. Fla. Aug. 5, 2015) (same); *Allstate Prop. & Cas. Ins. Co. v. Peluchette*, No. 15-CV-80325-KAM, 2015 WL 11438215, at *4-6 (S.D. Fla. July 30, 2015) (same); *Allstate Prop. & Cas. Ins. Co. v. Tomlinson*, No. 2:14-cv-1940-HRH, 2015 WL 3439129 (D. Ariz. May 28, 2015) (dismissing for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) request for declaration as to carrier's duty to indemnify for pending underlying claims as unripe); *Am. Inter-Fidelity Corp. v. Davis Transfer Co., Inc.*, No. 8:14-cv-1513-T-35MAP, 2015 WL 12765455, at *2 (M.D. Fla. Feb. 3, 2015) (staying indemnity question pending resolution of underlying action); *Cincinnati Ins. Co. v. Quorum Mgmt. Corp.*, No. 5:12-CV-406-OC-10PRL, 2013 WL 12172655 (M.D. Fla. Sept. 17, 2013) (staying insurer's request for declaration as to its indemnity obligations until underlying action concludes); *The Travelers Prop. Cas. Co. of Am., et al. v. Anda, Inc., et al.*, No. 12-cv-62392-WJZ (S.D. Fla. June 27, 2013) (Order) (staying insurer's request for declaration as to its indemnity obligations until underlying action concludes), attached as Ex. B; *Great Lakes Reinsurance PLC v. Leon*, 480 F. Supp. 2d 1306 (S.D. Fla. 2007) (staying declaratory judgment lawsuit pending resolution of underlying action where adjudication of declaratory suit would involve many of the same arguments and witnesses as the underlying action); *Pro Net*, 2004 WL 6062923, at *2 (dismissing carrier's request for declaration as to its duty to indemnify until underlying lawsuits are resolved).

In *Dream Builders of S. Fla. Corp. v. Mid-Continent Cas. Co*., No. 18-23123-CIV, 2019 WL 3821552, at *1 (S.D. Fla. Aug. 15, 2019) (Altman, J.), the court held that the duty to indemnify does not ripen until the state-court plaintiff has obtained a favorable judgment. In reaching this decision the Court referenced two Eleventh Circuit cases roundly rejecting the

argument that the duty to indemnify is ripe for adjudication while the underlying action is still pending. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) ("We agree with these cases and the district court's conclusion that MCC's duty to indemnify Delacruz is not ripe for adjudication until the underlying lawsuit is resolved.'); *J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.").

*Id.*

Similar to the circumstances in *Dream Builders, Delacruz Drywall,* and *J.B.D. Const., Inc.*, Employers' duty to indemnify is not ripe until the Underlying Lawsuit is resolved. Courts have refused to declare the extent of an insurer's indemnity obligations prior to the final adjudication in a parallel state court proceeding due to varying issues, including: ripeness, comity, and judicial economy. *See, e.g.*, *Houston Specialty Ins. Co. v. La Gazzetta, LLC*, 15-21756-CIV, 2015 WL 9258096 at *2 (S.D. Fla. Dec. 18, 2015); *Axis Surplus Ins. Co. v. Contravest Const. Co.*, 921 F. Supp. 2d 1338, 1349 (M.D. Fla. 2012); *IDC Const., LLC v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1351 (S.D. Fla. 2004). In *Nat'l Fire & Marine Ins. Co. v. Palm Springs Gen. Hosp., Inc.*, No. 16-61852-CIV, 2016 WL 10587943, at *2 (S.D. Fla. Oct. 28, 2016), this Court was asked to make the same determination Employers seeks in the instant case. There, the court dismissed the insurer's declaratory action, finding that the insurer had conceded its duty to defend and that a determination on the duty to indemnify was premature until the underlying tort action was resolved. In support of its holding, it stated:

> [the insurer's] claim for a declaration of no duty to indemnify based on the hypothetical circumstance that [the insured] might in the future be found liable of committing […] is premature, as it only seeks an advisory opinion about what rights it might later have, and therefore must be dismissed. "It is not the function of a

>United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass."

*Id.* (quoting *Am. Fid. & Cas, Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co*., 280 F.2d 453, 461 (5th Cir. 1960)). Employers' request to issue a declaration regarding its duty to indemnify, in the hypothetical "potential" event that Mr. Pool is found liable in the Underlying Lawsuit, amounts to nothing more than a request for an impermissible advisory opinion. *Id.*; *see also Jacksonville Prop. Rights Ass'n, Inc. v. City of Jacksonville, Fla.*, 635 F. 3d 1266, 1276 (11th Cir. 2011). Employers' indemnity obligations cannot be determined until a judgment or settlement in the Underlying Lawsuit is reached.

    **B.**    **Dismissing this Action Will Promote Efficiency**

Considerations of comity, federalism and judicial economy all favor letting the state court action proceed unaffected by any rulings on indemnity. *S. Coatings, Inc. v. Century Sur. Co*., No. 07-80558-CIV, 2008 WL 954178, at *5 (S.D. Fla. Apr. 8, 2008). In determining whether Employers has a duty to indemnify Mr. Pool, this Court will be required to consider factual issues that are already being litigated in the Underlying Lawsuit. Allowing this declaratory judgment action to proceed would be inefficient because the parties will need to conduct duplicative discovery, expend additional resources, and essentially litigate many of the same issues in two different cases before two different courts.

Of course, Employers may have *no* indemnity obligation if a judgment is entered in the Underlying Lawsuit in Mr. Pool's favor. It is for this reason as well that the Court can decline to exercise its discretionary jurisdiction over Employers' claim. *See Roach*, 411 F.3d at 1330. Dismissing the action is not only consistent with principles of judicial economy, it is the appropriate course of action in light of the issues pending in the Underlying Lawsuit.

## **CONCLUSION**

This Court should dismiss this action in its entirety. Employers' duty to defend is undisputed based on its own complaint, and its duty to indemnify is not ripe. Dismissing this action will prevent the Court from issuing advisory rulings in violation of 28 U.S.C. § 2201, prevent this Court from having to decide factual matters at issue in the Underlying Lawsuit before they ripen, and promote efficiency and conserve the resources of this Court and the parties.

WHEREFORE, Defendants, Thomas C. Servinsky, Marie L. Servinsky and Michael A. Pool, respectfully request the Court enter an Order dismissing Employers Insurance Company of Wausau's Petition for Declaratory Relief [D.E. 1], and any further relief this Court deems equitable, just, and proper.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.

100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*
/s/ Stephen A. Marino, Jr.
**Stephen A. Marino Jr.**
Florida Bar No. 79170
smarino@vpm-legal.com
jpacheco@vpm-legal.com
**Michal Meiler**
Florida Bar No. 86522
mmeiler@vpm-legal.com
*Counsel for Defendants*
*Thomas C. Servinsky and*
*Marie L. Servinsky*

/s/ Michael A. Pool
Michael A. Pool, *Pro Se*
262 Union Avenue
Bellmawr, NJ 08031
609-413-5978

CASE NO. 2:22-cv-14146-AMC

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 27th day of May 2022 on all counsel of record on the Service List below.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino Jr.**

## SERVICE LIST

| | |
|---|---|
| Mathew J. Lavisky<br>Jamie R. Combee<br>Butler Weihmuller Katz Craig, LLP<br>400 N. Ashley Drive, Suite 2300<br>Tampa, FL 33602<br>813-281-1900<br>813-281-0900 *facsimile*<br>mlavisky@butler.legal<br>jnovaes@butler.legal<br>hmosher@butler.legal<br>ehorton@butler.legal<br>*Counsel for Plaintiff*<br>*Employers Insurance Company*<br>*of Wausau* | Stephen A. Marino, Jr.<br>Michael Meiler<br>Ver Ploeg & Marino, P.A.<br>100 S.E. Second Street, Suite 3300<br>Miami, FL 33131<br>305-577-3996<br>305-577-3558 *facsimile*<br>smarino@vpm-legal.com<br>mmeiler@vpm-legal.com<br>jpacheco@vpm-legal.com<br>*Counsel for Defendants*<br>*Thomas C. Servinsky and*<br>*Marie L. Servinsky* |