UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:22-cv-14146-AMC

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

    Plaintiff,

v.

MICHAEL A. POOL, THOMAS C.
SERVINSKY, and MARIE L. SERVINSKY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court on an Order of Reference from United States District Judge Aileen M. Cannon for a Report and Recommendation on a Joint Motion to Dismiss ("Motion") filed by Michael A. Pool, Thomas C. Servinsky, and Marie L. Servinsky (hereafter "Defendants") on May 27, 2022. (DE 12). After careful consideration of the record, the parties' briefs, the relevant caselaw, and for the reasons below, the Court RECOMMENDS that the Defendants' Motion be GRANTED IN PART and DENIED IN PART.

**I.    Background**

Employers Insurance Company of Wausau ("EICW") filed this action for declaratory relief, seeking declarations regarding certain insurance coverage issues, stemming from an ongoing personal injury action in the Nineteenth Judicial Circuit in and for Martin County, Florida, *Thomas C. Servinsky et al. v. Michael A. Pool, et al.*, No. 2019-CA-000951 (the "Underlying Lawsuit"). EICW attached a copy of the complaint in the Underlying Lawsuit to the complaint in this case. (DE 1-1).

In the Underlying Lawsuit, the plaintiffs (co-defendants in the instant action) alleged that Michael A. Pool (co-defendant in the instant action) negligently injured them in an auto accident on December 22, 2016.  (DE 1-1 ¶ 11).  The underlying plaintiffs further alleged that, at the time of the accident, Pool was driving a vehicle owned by his employer, Ebsary Foundation Company ("Ebsary Foundation").  (DE 1-1 ¶¶ 9-10).  Crucially, the Underlying Complaint alleged that Pool was "the permissive operator of [the vehicle owned by Ebsary Foundation]."  (DE 1-1 ¶ 10).  The underlying plaintiffs therefore named both Pool and Ebsary Foundation as defendants.

The Underlying Lawsuit remains ongoing in state court.  (DE 1 ¶¶ 12-15).  In the meantime, EICW filed this declaratory action because it provided auto insurance coverage to Ebsary Foundation during the time frame of the accident.  (DE 1 ¶ 16).  EICW seeks declarations regarding its duty to defend and indemnify Pool, the employee of its named insured, Ebsary Foundation.  In particular, the policy at issue included an expanded definition of the term "insured," to include:

> Anyone else while using *with your permission* a covered "auto" you own, hire or borrow ….

(DE 1 ¶ 18) (emphasis added).

The coverage issue thus turns on whether or not, at the time of the accident, Pool had permission from his employer, Ebsary Foundation, to use the vehicle in question.  In contrast to the complaint in the Underlying Lawsuit, EICW's complaint in the instant case alleges that Pool "did not have permission" to use the vehicle.  (DE 1 ¶ 10).  EICW thus seeks the following declarations from this Court:

> 1. A declaration that Michael A. Pool is not an insured under the [EICW] policy for the accident that occurred on or about December 22, 2016;

> 2. A declaration that [EICW] has no duty to defend or indemnify Michael A. Pool in the Underlying Lawsuit and against the claims by Thomas C. Servinsky, and Marie L. Servinsky; and
>
> 3. A declaration that [EICW] has no duty to indemnify Michael A. Pool for any punitive damages awarded against him in the Underlying Lawsuit.

(DE 1 Wherefore Clause).

## II.     Legal Standard

Defendants seek dismissal of EICW's complaint, arguing that the Court lacks subject-matter jurisdiction because EICW's claims are not ripe, and because EICW fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1) & 12(b)(6). In evaluating Defendants' Motion, the Court must accept EICW's allegations as true and construe them in the light most favorable to EICW. *See Pielage v. McConnell, III*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although EICW need only provide "a short and plain statement of the claim [to] show that the pleader is entitled to relief," Fed. R. Civ. P. 8, a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.    Discussion

EICW seeks three declarations that fall into two cateories: (A) those addressing EICW's duty to indemnify Pool for liability arising from the Underlying Lawsuit; and (B) those addressing EICW's duty to defend Pool in the Underlying Lawsuit. The Court will address each in turn.

### A. Duty to Indemnify

Defendants argue the Court should dismiss all claims to the extent they seek a declaration regarding EICW's duty to indemnify Pool for liability arising from Underlying Lawsuit. In support, Defendants argue the Underlying Lawsuit has not yet concluded, so determinations have not yet been made – one way or the other – as to whether Poole has any liability. As such, this action is premature.

The Court agrees. The Eleventh Circuit has affirmed dismissal of cases in the same procedural posture as this one. In *Mid-Continent Casualty Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768 (11th Cir. 2019), for example, a group of homeowners sued a drywall company for, among other claims, providing defective work. The company's insurer assumed the state-court defense and then filed a declaratory judgment action in federal court to clarify its duty to indemnify its insured. *Id.* The district court ordered the insurer to show cause why the issue was ripe, given that the underlying case was still ongoing. *Id.* After the insurer responded, the district court dismissed the case without prejudice as prematurely filed. *Id*. at 769-70.

The Eleventh Circuit affirmed, citing to previous authority recognizing that "[t]he duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims." *Id.* at 770 (quoting *J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014)); *see also Allstate Ins. Co. v. Emp.'s Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.").

The Eleventh Circuit also noted that "many district courts in this circuit have ruled that an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved, or the insured's liability is established." *Mid-Continent*, 766 F. App'x at 770 (collecting cases); *see also Allstate Prop. & Cas. Ins. Co. v. Peluchette*, No. 15-cv-80325-KAM, 2015 WL 11438215, at *4 (S.D. Fla., July 30, 2015) ("Case law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action."); *Am. Nat'l Fire Ins. Co. v. M/V Seaboard Victory*, No. 08-21811-CIV, 2009 WL 812024, at *1 (S.D. Fla. Mar. 17, 2009) ("[B]ecause an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim."); *IDC Const., LLC. v. Admiral Ins. Co.*, 339 F. Supp. 2d 1342, 1349 (S.D. Fla. 2004) ("[T]he duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims by some other means.").

Given that the Underlying Lawsuit remains pending, the undersigned recommends that Defendants' Motion be granted without prejudice as to all requests for declaratory relief that address EICW's duty to indemnify Pool for liability in the Underlying Lawsuit. This includes EICW's request to declare whether Pool meets the definition of "insured" under the policy language, since that issue remains inextricably intertwined with issues that will be addressed in state court. None of these issues will be ripe for declaratory relief in this Court unless and until Pool is found liable in the Underlying Lawsuit.

**B.   Duty to Defend**

EICW's duty to defend the Underlying Lawsuit poses a different issue. EICW has already been called upon to defend Poole and is currently doing so under a reservation of rights. (DE 1 ¶ 15). As such, EICW's duty to defend is ripe for declaratory relief. *See Atain Specialty Ins. Co. v.*

*Miami Drywall & Stucco, Inc.*, No. 12-21370-CIV, 2012 WL 3043002, at *2 (S.D. Fla. July 25, 2012) (allowing declaratory claim to proceed, but only on duty to defend issue).

Defendants nevertheless urge dismissal, arguing that EICW clearly owes a duty to defend Pool.  "Under Florida law, an insurance provider's duty to defend an insured party 'depends solely on the facts and legal theories alleged in the pleadings and claims against the insured.'" *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (quoting *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1275 (11th Cir. 2008)). "The duty to defend 'arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage.'" *Id.* (citing *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995)).

"[A]n insurer's duty to defend is distinct from, and broader than, its duty to indemnify." *Category 5 Mgmt. Grp., LLC v. Companion Prop. & Cas. Ins. Co.*, 76 So. 3d 20, 23 (Fla. 1st DCA 2011).  "When the actual facts are inconsistent with the allegations in the complaint, the allegations in the complaint control in determining the insurer's duty to defend." *Lawyers Title Ins. Corp.*, 52 F.3d at 1580 (citation omitted).  "If an examination of the allegations of the complaint leaves any doubt regarding the insurer's duty to defend, the issue is resolved in favor of the insured." *Id*. at 1580-81.

Here, Defendants argue that the allegations of the Underlying Lawsuit trigger a duty to defend because the underlying complaint alleged that Pool was "the permissive driver" of the Ebsary Foundation vehicle.  (DE 1-1 ¶ 10).  Defendants argue that it makes no difference whether EICW believes the allegation to be false, or whether the allegation can be proven false.  Rather, Defendants contend, controlling Florida case law mandates that EICW defend Pool in the Underlying Lawsuit.

Defendants may well be correct, but these arguments go to the merits of the declaratory relief requested here, not EICW's entitlement to declaratory relief. "A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits. It is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor." *Nielson Golden Crab Fishery v. Butterworth*, No. 10-61091-CIV, 2011 WL 3293357, at *2 (S.D. Fla. Aug. 1, 2011); *accord Killian Palms Country Club & Sports Complex, LLC. v. Scottsdale Ins. Co.*, No. 11-civ-21978-UNGARO, 2011 WL 13223719, at *2 (S.D. Fla. Aug. 16, 2011). While Defendants may ultimately prevail, they cannot obtain a favorable ruling on the merits of the declaration by way of a motion to dismiss.

For all these reasons, the undersigned recommends that Defendants' Motion be denied as to all requests for declaratory relief that address EICW's duty to defend Pool in the Underlying Lawsuit. To the extent Defendants wish to advance the substantive arguments raised here, they should do so on a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment.

## IV.     Conclusion

For the reasons stated above, the undersigned **RECOMMENDS** that the Defendants' Joint Motion to Dismiss (DE 12) be **GRANTED WITHOUT PREJUDICE** as to all requests for declaratory relief that address EICW's duty to indemnify Pool for damages in the Underlying Lawsuit, including whether Pool meets the definition of "insured" under the language of the policy, and **DENIED** as to all requests for declaratory relief that address EICW's duty to defend Pool in the Underlying Lawsuit.

### V.     Notice to the Parties

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  See 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 5th day of July 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE