UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 2:22-cv-14146-AMC

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

     *Plaintiff*,

v.

MICHAEL A. POOL, THOMAS C.
SERVINSKY, and MARIE L. SERVINSKY,

     *Defendants*.

_____/

## DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION

Defendants, Thomas C. Servinsky, Marie L. Servinsky (collectively "Servinskys"), and Michael A. Pool, pursuant to Fed. R. Civ. P. 72(a), object to the Magistrate's Report and Recommendation on a Joint Motion to Dismiss [D.E. 26] because the Declaratory Complaint's request for relief regarding its duty to defend fails to state a claim for relief under 12(b)(6) and the request seeks a finding that will be determined in the underlying action.

## INTRODUCTION

The Magistrate's Report and Recommendation ("Report") is clearly erroneous and contrary to law because it incorrectly allows the Court to decide key factual matters at issue in the Underlying Action, and it does not apply the eight-corner rule to determine whether Employers owed a duty to defend. Instead the Report allowed Employers to seek relief that requires a determination of fact that will result in piecemeal litigation and possibly inconsistent results.

## BACKGROUND

This declaratory relief action arises out of a state court lawsuit pending in the 19th Judicial Circuit in and for Martin County, Florida, *Thomas C. Servinsky et.al. v. Michael A. Pool, et. al.*, No. 2019-CA-000951 (the "Underlying Action").  Thomas and his wife Marie Servinsky filed the Underlying Action seeking damages against Michael Pool and his employer Ebsary Foundation Company, as well as GEICO, the Servinskys' uninsured motorist carrier, arising from a December 22, 2016 auto accident in which Mr. Pool was alleged to have been a "permissive operator" of a vehicle owned by Ebsary Foundation when he collided with Mr. Servinsky, causing him damages. [DE 1-1] at ¶10.   The Underlying Action remains ongoing in state court.

There are two issues posed by Employers' Complaint: its duty to defend and its duty to indemnify.  Employers' Complaint fails to state a claim for relief regarding its duty to defend, and whether it has a duty to indemnify is not yet ripe, stripping this Court of subject-matter jurisdiction. The Servinskys filed a Joint Motion to Dismiss the Complaint [D.E. 12], and the Report correctly granted the motion as to indemnity and found the issues of whether Mr. Pool meets the definition of an insured is inextricably intertwined with the issues that will be addressed in the state court. [D.E. 26 at 5]. However, the Report failed to apply the eight-corner rule to determine Employers' defense obligations and denied the motion in part as to the duty to defend.

## ARGUMENT AND LAW

### I.   Standard of review for objections to the Report and Recommendations.

Federal Rule of Civil Procedure 72(a) permits a party to file objections to a magistrate judge's order on a non-dispositive pre-trial matter within fourteen days after service of the order. The Rule requires the district court to consider the objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. *Combs v. Town of Davie*, No. 06-60946-CIV-

Cohn/Snow, 2007 WL 676102, at *2 (S.D. Fla. Feb. 28, 2007). An order is contrary to law if the magistrate judge failed to apply or misapplied the relevant statutes, case law, or rules of procedure. *S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (citations and internal quotations omitted).

"Upon receipt of objections articulated with the necessary specificity, a United States District Judge shall make a *de novo* determination of those portions of the report . . . to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate [judge]." *Macort v. Prem, Inc.*, 208 Fed. App'x 781, 783–84 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)). Under this *de novo* standard, the district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quotation omitted). The district court also has discretion to consider new arguments and evidence presented by the objecting party. *N. Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.*, 688 F. Supp. 2d 1336, 1339 (M.D. Fla. 2010) (citing *Williams v. McNeil*, 557 F.3d 1287, 1291–92 (11th Cir. 2009)) ("Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation.").

## II. Standard of review for Declaratory Actions.

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330-31 (11th Cir. 2005) quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d, 214 (1995). It only gives the federal courts competence to make a declaration of

rights; it does not impose a duty to do so. *Ameritas* 411 F.3d at 1330-31; *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Supreme Court stated that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." (emphasis added) *Ameritas* 411 F.3d at 1330-31; *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173 ("[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."). The relevant inquiry is whether proceeding with the declaratory judgment action will result in piecemeal litigation, duplication of effort and the possibility of inconsistent results. *Employers Mut. Cas. Co. v. PIC Contractors, Inc.*, 24 F. Supp. 2d 212, 215 (D.R.I. 1998) (quoting *Wilton* 515 U.S. at 288).

The "case or controversy" requirement of the Constitution limiting federal court jurisdiction similarly requires that "a plaintiff must have suffered some actual injury that can be remedied or redressed by a favorable judicial decision." *Nat'l Advertising Co. v. City of Ft. Lauderdale*, 934 F.2d 283, 285-86 (11th Cir. 1991). This requirement shields federal courts from being drawn into disputes as to abstract or hypothetical cases, or ones in which purely advisory opinions affecting a dispute are being sought. *See, e.g., Emory v. Peeler,* 756 F.2d 1547, 1551–52 (11th Cir. 1985) ("The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.").

**III. This Court should not decide factual issues that will be resolved in the Underlying Action when the Duty to Defend is only based upon the "Eight Corners" rule, which dictates dismissal.**

The Court should dismiss Employers' Complaint. Dismissal is necessary to prevent the Court from issuing an advisory opinion in violation of 28 U.S.C. § 2201 and from having to decide key factual matters that will be resolved in the Underlying Action.

**A. Employers owes a duty to defend, and the Court can make this determination on a motion to dismiss.**

The Report correctly states that the standard for the duty to defend is solely based on the allegations of the pleadings in the Underlying Action. The Report correctly cites to Servinskys motion as to the first half of the standard for analyzing the duty to defend by stating:

> Under Florida law, an insurance provider's duty to defend an insured party 'depends solely on the facts and legal theories alleged in the pleadings and claims against the insured.'" *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (*quoting James River Ins. Co. v. Ground Down Eng'g, Inc*., 540 F.3d 1270, 1275 (11th Cir. 2008)). "The duty to defend 'arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage.'" *Id.* (*citing Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995)).

*See* [D.E. 26]

But the Report does not cite the entire standard and fails to apply the eight-corner rule in its entirety. The duty to defend is predicated solely on the allegations of the complaint, not on either party's version of the facts. *Jones v. Fla. Ins. Guar. Ass'n, Inc*., 908 So. 2d 435, 443 (Fla. 2005); *Sunshine Birds & Supplies, Inc. v. U.S. Fid. & Guar. Co.,* 696 So. 2d 907, 909-10 (Fla. 3d DCA 1997); *Pepper's Steel & Alloys, Inc. v. U.S. Fid. & Guar. Co*., 668 F. Supp. 1541, 1545 (S.D. Fla. 1987) (holding the duty to defend applies "so long as the allegations against the insured even arguably come within the policy coverage") (emphasis in original).

As discussed more fully in the Joint Motion to Dismiss, the allegations in the complaint in the Underlying Action fall squarely within the Policy's insuring clause and definition of an Insured. The complaint in the Underlying Action, (which was attached to Employers' Complaint and can therefore be considered on a Motion to Dismiss) included specific allegations that Mr. Pool <u>was</u> a permissive operator of Ebsary Foundation Company's Truck at the time of the subject accident. [D.E. 1-1] at ¶¶ 9-10. Employers nonetheless argues that Pool is <u>not</u> an insured under the Employers policy because he was not operating a covered auto with the Ebsary Foundation's permission. [D.E. 1] at ¶19. Employers' allegation is contrary to the specific allegations in the Complaint in the Underlying Action and thus creates a factual issue, but has no effect on analyzing the duty to defend under the "eight-corner rule."

Employers improperly requests that this Court ignore the pleadings in the Underlying Action and instead consider extrinsic facts to determine whether it owes a duty to defend, based on a factual dispute that is a key issue in the Underlying Action. But it fails to allege a single reason or fact that would allow this Court to disregard the eight-corner rule. As previously stated in the Reply brief [D.E. 17], there are very few exceptions that would allow courts to analyze extrinsic facts when determining the duty to defend. These are considered "special circumstances" where the extrinsic facts that were not pled in the complaint are "undisputed. . . ." *Stephens*, 749 F.3d at 1323; *Nateman v. Hartford Cas. Ins. Co.*, 544 So.2d 1026 (Fla. 3d DCA 1989; *Nationwide Mut. Fire Ins. Co. v. Keen*, 658 So.2d 1101 (Fla. 4th DCA 1995). The Eleventh Circuit has stated that these cases are viewed "as exceptional cases in which courts have crafted an equitable remedy when it is manifestly obvious to all involved that the actual facts placed the claims outside the scope of coverage." *Stephens*, 749 F.3d at 1323-24; *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 786 (11th Cir. 2008); *see Weitz Co., LLC . v. Transp. Ins. Co.*, No. 08-

23183-CIV, 2009 WL 10669040 (S.D. Fla. May 21, 2009), (where the Court broadened coverage and used extrinsic facts to determine there was a duty to defend a subcontractor).

This matter does not fall into any of the exceptions to the eight-corner rule. Employers has not claimed that there are any additional facts that are missing from the Underlying Complaint or that such facts should be assumed. Instead, Employers argues that Mr. Pool was not a permissive driver, contrary to the allegations in the Underlying Complaint. This is not an exception circumstance where the issue of fact on which the existence of coverage may turn is not one that will be addressed in the Underlying Action. The fact of whether Mr. Pool was a permissive user of the insured vehicle is a key issue in the Underlying Action and is currently being litigated.

Employers' complaint has not made any allegations that would allow it to avoid the standard for determining the duty to defend. Instead, Employers simply made a statement that was contrary to the allegations in the Underlying Action. The Report determined that this statement along with a reservation of rights letter precluded the Court's ability to grant a motion to dismiss on the duty to defend. The Report does not provide any case citations that supports this position because it does not exist.  This is not the standard. Neither Employers' statement, nor the fact that there is a reservation of rights letter by Employers, has any effect on whether Employers owes a duty to defend.

The Report also erroneously concluded that the duty to defend cannot be determined on a motion to dismiss. As stated in the Reply [D.E. 17], Courts routinely address an insurer's duty to defend at the motion to dismiss stage, including claims for declaratory relief. *See Mid-Continent Cas. Co. v. Gozzo Dev., Inc*., No. 17-cv-80362, 2017 WL 3578846, at *2-3 (S.D. Fla. July 19, 2017); *Evanston Ins. Co. v. Gaddis Corp.,* 145 F. Supp. 3d 1140, 1145 (S.D. Fla. 2015) (the duty to defend may be decided on motion to dismiss based on contract interpretation); *James River Ins.*

*Co. v. Ground Down Eng'g., Inc*., 540 F.3d 1270, 1273-74 (11th Cir. 2008) (reviewing, de novo, order granting motion to dismiss insurer's complaint for declaratory relief on the duty to defend); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Fla. Crystals Corp. et al*., No. 14-81134-civ-Cohn/Valle, [D.E. 45], (S.D. Fla. Mar. 30, 2015) (granting 12(b)(6) motion to dismiss claim for declaratory relief, "the court rejects argument that it would be premature to reach the merits of its claim on a motion to dismiss . . .") (citing cases).

It makes sense for courts to determine the duty to defend on a motion to dismiss, as the duty to defend is based on the pleadings and only analyzes two documents: the complaint in the Underlying Action and the policy. If the Court allowed for the declaratory action to move forward and litigate the duty to defend, then there would not be any relevant discovery exchanges, depositions, or requests that would determine the issue that would not be duplicative of those in the Underlying Action. This is why courts routinely rule on this issue at the pleading stage.

### B.  The Court cannot decide key factual matters at issue in the Underlying Action.

The crux of the motion to dismiss as it pertains to Employers' duty to defend is that this Court should not decide factual issues that will be resolved in the Underlying Action. But that is what Employers asks this Court to do. The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas*, 411 F.3d at 1330-31. The Supreme Court stated that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues . . . ." (emphasis added) *Id*.; *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173 ("[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."). The relevant inquiry is whether proceeding with the declaratory

judgment action will result in piecemeal litigation, duplication of effort and the possibility of inconsistent results. *PIC Contractors, Inc.*, 24 F. Supp. 2d at 215 (quoting *Wilton* 515 U.S. at 288).

Employers seeks relief that requires a determination of facts that will result in piecemeal litigation and possibly inconsistent results. Employers admits as much in its Response: "[t]he issue presented in the Petition is whether Pool is an insured…depends, in part, on whether he operated Ebsary Foundation's covered vehicle with its permission." [D.E. 13]. The issue – whether Mr. Pool had permission to operate the insured vehicle – is central to a finding of liability against the Ebsary Foundation in the Underlying Action. This Court should not duplicate that effort. *See Ameritas*, 411 F.3d at 1330; *Brillhart* 316 U.S. at 495; *Wilton*, 515 U.S. at 286.

To aid district courts in determining when to stay or abstain from taking cases under Declaratory Judgment Act when there is a pending state court case, the Eleventh Circuit has set forth the following factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Gozzo Dev., Inc.*, 2017 WL 3578846, at \*4-5 quoting *Ameritas*, 411 F.3d at 1331("[This] list is neither absolute nor is any one factor controlling; these are merely guideposts. . .)

Here, the relevant *Ameritas* factors favor abstention. The Underlying Action involves complex factual issues that are important for an informed resolution of Employers claims for declaratory relief on coverage. Specifically, the Underlying Action will resolve the fact of whether Pool was a permissive user of the vehicle. This fact is necessary to determine Pool and Ebsary's liability in the Underlying Action and it is the basis of Employers Declaratory Complaint. If the declaratory judgment action continues litigating the issue of whether Pool was a permissive user, then there may be inconsistent results between the two actions.

The state has a stronger interest in the factual determinations in this matter as the Underlying Action is still pending and is scheduled for trial in state court on August 22, 2022. *See* a copy of the Order in the Underlying Action setting the case for jury trial attached as Exhibit "A". The state court is in a better position to resolve these issues, having the benefit of fully fleshed out litigation and of the upcoming trial. The state court also has a stronger interest in resolving the underlying factual issues because Florida law governs the substantive issues presented. Although a declaratory judgment, resolving the scope of insurance coverage, may facilitate settlement in an underlying action, *see Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004), this consideration receives less weight where, as here, trial is ongoing.

The Complaint in the Underlying Action alleges that Mr. Pool was a permissive driver. This central allegation is the reason Employers owes a duty to defend. Employers concedes this point by defending under a reservation of its rights. [D.E. 1] at ¶15. This Court would necessarily have to make the same determination (whether or not Mr. Pool had permission to use the vehicle) as the jury in the Underlying Action. The arguments and witnesses required to answer this question

will be substantially similar, if not identical, and Defendants will be forced to engage in the inefficient exercise of litigating the same legal issues in two separate lawsuits. *See Diamond State Ins. Co. v. Boys' Home Ass'n, Inc.,* 172 F. Supp. 3d 1326, 1341-42 (M.D. Fla. 2016) (finding that *Higgins* permits a concurrent declaratory action only if the "factual issues relevant to a decision" in the declaratory action will not overlap with those in the underlying action).

There is no justiciable controversy as to either the duty to defend or to indemnify that this Court could decide without invading the province of the Underlying Action and making parallel factual determinations to those that will be made in the Underlying Action. While the Motion to Dismiss argued that being forced to litigate both actions in state and federal court would create piecemeal litigation and may create inconsistent results, the Report failed to make any reference or analysis regarding these points. The Motion to Dismiss should be granted in whole for indemnity and the duty to defend, as the factual results of the Underlying Action will dictate Employers' duty to indemnify and the allegations in the Underlying Action articulate a basis for Employers' duty to defend. Any further litigation on whether the allegation in the underlying action stating that: Mr. Pool was a "permissive user" will affect the state court action with a trial only a month away where this fact will be litigated.

## CONCLUSION

There is no justiciable controversy that this Court could decide beyond granting the motion to dismiss and find that there is a duty to defend, without invading the province of the Underlying Action and making parallel factual determinations to those that will be made in the Underlying Action. Defendants have shown there is good cause to grant the motion to dismiss as to both the duty to defend and the duty to indemnify and object to the Report and Recommendation as being clearly erroneous and contrary to law.

CASE NO. 2:22-cv-14146-AMC

WHEREFORE, Defendants, Thomas C. Servinsky, Marie L. Servinsky and Michael A.

Pool, respectfully request the Court set aside Magistrate McCabe's Report and Recommendation

[D.E. 26], and any further relief this Court deems equitable, just, and proper.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.

/s/ Michael A. Pool
Michael A. Pool, *Pro Se*
100 S.E. Second Street, Suite 3300          262 Union Avenue
Miami, FL 33131                             Bellmawr, NJ 08031
305-577-3996                                609-413-5978
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino Jr.**
Florida Bar No. 79170
smarino@vpm-legal.com
jpacheco@vpm-legal.com
**Michal Meiler**
Florida Bar No. 86522
mmeiler@vpm-legal.com
*Counsel for Defendants*
*Thomas C. Servinsky and*
*Marie L. Servinsky*

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served via transmission

of Notices of Electronic Filing generated by CM/ECF on this 19th day of July 2022 on all counsel

of record on the Service List below.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino Jr.**

CASE NO. 2:22-cv-14146-AMC

## SERVICE LIST

Mathew J. Lavisky
Jamie R. Combee
Butler Weihmuller Katz Craig, LLP
400 N. Ashley Drive, Suite 2300
Tampa, FL 33602
813-281-1900
813-281-0900 *facsimile*
mlavisky@butler.legal
jnovaes@butler.legal
hmosher@butler.legal
ehorton@butler.legal
*Counsel for Plaintiff*
*Employers Insurance Company*
*of Wausau*

Stephen A. Marino, Jr.
Michael Meiler
Ver Ploeg & Marino, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*
smarino@vpm-legal.com
mmeiler@vpm-legal.com
jpacheco@vpm-legal.com
*Counsel for Defendants*
*Thomas C. Servinsky and*
*Marie L. Servinsky*