UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14146-CIV-CANNON/McCabe

**EMPLOYERS INSURANCE COMPANY OF WAUSAU**,

    Plaintiff,
v.

**MICHAEL A. POOL**,
**THOMAS C. SERVINSKY**, and
**MARIE L. SERVINSKY**,

    Defendants.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' JOINT MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Magistrate Judge Ryon M. McCabe's Report and Recommendation (the "Report") [ECF No. 26], issued on July 6, 2022. The Report recommends that Defendants' Joint Motion to Dismiss [ECF No. 12] be granted in part and denied in part. Specifically, the Report recommends (1) dismissing without prejudice Plaintiff's requested declaratory relief as to its duty to indemnify Defendant Michael A. Pool, including whether Defendant Pool meets the definition of "insured" under the insurance policy issued by Plaintiff and (2) allowing Plaintiff's claim for declaratory relief as to its duty to defend to proceed at this stage [ECF No. 26 p. 7]. Plaintiff and Defendant both filed Objections [ECF No. 27] (Plaintiff's Objections); [ECF No. 28] (Defendants' Objections)]; and Responses to Objections [ECF No. 35] (Plaintiff's Response to Defendants' Objections); ECF No. 39 (Defendants' Response to Plaintiff's Objections)]. The Court has conducted a de novo review of the Report, the parties' Objections, the parties' Responses to Objections, and the full record. Following that review, the

Court **ACCEPTS IN PART AND REJECTS IN PART** the Report [ECF No. 26] and offers supplementary analysis in response to the parties' Objections.

## FACTUAL & PROCEDURAL BACKGROUND

This case involves an insurance coverage dispute arising out of a car accident and related underlying state court litigation. Defendants Michael Pool and Thomas Servinsky were involved in a car accident that occurred on December 22, 2016 [ECF No. 1-1 ¶¶ 8, 10]. In the underlying state court case, which remains pending in the Nineteenth Judicial Circuit in and for Martin County, Florida, Thomas and Marie Servinsky sued Michael Pool, Ebsary Foundation Co. (Pool's employer), and Geico General Insurance Company (Servinsky's uninsured motorist insurer) for negligence and other various state law claims based on the accident (the "Underlying Lawsuit") [ECF No. 1-1 (*Thomas C. Servinsky et al. v. Michael A. Pool, et al.*, No. 2019-CA-000951)].

Plaintiff, Employers Insurance Company of Wausau ("EICW"), is an insurer for Ebsary Foundation Co. ("Ebsary"), a nonparty company that owns the vehicle that Pool was driving during the accident [ECF No. 1 ¶ 16]. EICW is suing Defendants Michael Pool and Thomas and Marie Servinsky seeking a declaration that (1) Pool is not an insured under the EICW policy; (2) EICW has no duty to defend Pool in the underlying state litigation; and (3) EICW has no duty to defend Pool for punitive damages in the Underlying Lawsuit [ECF No. 1 ¶ 25].

The policy at issue defines the term "insured" as "[a]nyone else while using *with your permission* a covered 'auto' you own, hire or borrow" [ECF No. 1 ¶ 18 (emphasis added)]. It is therefore undisputed that the coverage issue turns on whether, at the time of the accident, Pool had permission from his employer, Ebsary Foundation, to use the vehicle in question [ECF No. 27 p. 11]. The Underlying Lawsuit alleges that Pool "was the permissive operator" of the vehicle [ECF No. 1-1 ¶ 10]. By contrast, Plaintiff in this federal case alleges that Pool "did

2

not have permission from Ebsary Foundation Co., Inc. to operate the vehicle" [ECF No. 1 ¶ 10].

Plaintiff initiated this action on April 26, 2022, bringing a single count for declaratory judgment [ECF No. 1 ¶¶ 22–25]. On May 27, 2022, Defendants filed a Motion to Dismiss, seeking to dismiss Plaintiff's claim for lack of subject matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 12]. Plaintiff filed a Response in Opposition [ECF No. 13], and Defendants replied [ECF No. 17]. The Court referred the Motion to Dismiss to Magistrate Judge McCabe for a Report and Recommendation [ECF No. 14].

On July 7, 2022, Judge McCabe issued the instant Report recommending that Defendants' Motion to Dismiss be granted in part and denied in part [ECF No. 26]. The Report recommends granting the Motion to Dismiss without prejudice as to all requests for declaratory relief that address Plaintiff's duty to indemnify Pool for damages in the Underlying Lawsuit, including the issue as to whether Pool meets the definition of "insured" under the Policy [ECF No. 26 p. 7]. With respect to Plaintiff's claim for declaratory relief concerning Plaintiff's duty to defend Pool in the Underlying Lawsuit [ECF No. 26 p. 7], however, the Report recommends denying the Motion to dismiss and permitting that request to proceed in this action. On July 18, 2022, Plaintiff filed an Objection to the Report [ECF No. 27]. The next day, the Defendants filed their own Objection [ECF No. 28]. On July 29, 2022, Plaintiff filed a Response to the Defendants' Objection [ECF No. 35], and on August 12, 2022, Defendants filed their Response to Plaintiff's Objection. The Report is ripe for adjudication.

**LEGAL STANDARD**

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation

to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which an objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Upon review, the Court agrees with the Report that Defendants' Motion to Dismiss should be granted as to declaratory relief regarding the duty to indemnify and the determination of whether Pool is an insured. However, the Court disagrees with the Report's conclusion that the Motion to Dismiss should be denied as to the duty to defend. The Court modifies the Report's analysis as indicated below.

\*\*\*

***First***, the Court concurs with Judge McCabe's conclusion that Plaintiff's claims for declaratory relief as to the duty to indemnify are not ripe and should be dismissed on that basis. Declaratory judgment actions regarding the duty to indemnify are "not ripe until the insured's liability [is] established because the issue 'might never arise.'" *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (quoting *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)). Because the Underlying Lawsuit is still ongoing in state court, Plaintiff is seeking

4

coverage declarations on hypothetical liability that may or may not materialize. Thus, Plaintiff's requested declaration as to the duty to indemnify is not ripe. *Mid-Continent Cas. Co.*, 766 F. App'x at 770 ("[A]n insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved or the insured's liability is established."). Dismissal without prejudice is warranted as to Plaintiff's requested duty to indemnify declaratory relief.

Plaintiff's challenge to the Report on this point fails. Plaintiff criticizes the Report's reliance on *Mid-Continent Cas. Co.*, asserting that that case "did not announce a general rule that a complaint seeking a declaration of a duty to indemnify always is premature if the underlying suit is pending" [ECF No. 27 pp. 5–6]. But review of *Mid-Continent Cas. Co.* and the authorities upon which it relies reveals that the Report correctly applied the principle that an insurer defendant's duty to indemnify the insured plaintiff "is not ripe for adjudication until the underlying lawsuit is resolved." 766 F. App'x at 770 (citing *Am. Fid. & Cas. Co.*, 280 F.2d at 461); *see also J.B.D. Constr., Inc. v. Mid-Continent Cas. Co.*, 571 F. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims."); *Allstate Ins. Co. v. Emp'rs Liab. Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971) ("[N]o action for declaratory relief will lie to establish an insurer's liability . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.").[1] Plaintiff also says the Report's ripeness recommendation on the duty to indemnify is "internally inconsistent" with its treatment of the duty to defend, because a "determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify" [ECF No. 27 pp. 6–8]. No such inconsistency exists here; as

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

5

discussed below, Defendants' requested declaratory relief on both the duty to indemnify and the duty to defend should be dismissed.

***Second***, guided by the *Ameritas* factors—and in view of the parallel litigation in the Underlying Lawsuit—the Court also agrees with the Report that Plaintiff's request to declare whether Pool meets the definition of an "insured" under the policy should be dismissed, as that issue is "inextricably intertwined" with issues in the Underlying Lawsuit. "The Declaratory Judgment Act is 'an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant.'" *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)). "It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas*, 411 F.3d at 1330 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). In light of those discretionary principles—and guided by "considerations of federalism, efficiency, and comity"—the Eleventh Circuit has set forth various non-dispositive factors, quoted below, to aid district courts in determining whether to abstain from considering a case under the Declaratory Judgment Act in the context of a pending parallel state court case:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

    (7)  whether the underlying factual issues are important to an informed resolution of the case;

    (8)  whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

    (9)  whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas*, 411 F.3d at 1330–31.

    The *Ameritas* guideposts militate in favor of abstaining here, most principally because a determination of whether Pool is an insured overlaps with facts at issue in the Underlying Lawsuit. The parties agree that the issue of whether Pool is an insured under the EICW policy turns on whether Pool had permission to operate the Ebsary vehicle at the time of the accident [ECF No. 27 p. 11]. The parties also agree that Pool's status as a permissive driver is a factual issue that currently is being litigated in the pending state court case.[2] Thus, as contemplated in the seventh factor above, the "underlying factual issues are important to an informed resolution of the case." *Ameritas*, 411 F.3d at 1331. Likewise, the state trial court is in a better position to evaluate this factual issue given that the Underlying Lawsuit has been pending since 2019 and is approaching trial. And, the coverage issues in this action are governed by state contract law, underscoring the state court's greater interest in resolving the factual issues present in this case.

---

[2] Plaintiff does not dispute that the issue of whether Pool had permission to operate the vehicle is being litigated in the Underlying Lawsuit [ECF No. 35 pp. 5–7]. Instead, Plaintiff argues that the Underlying Lawsuit is irrelevant to this action because Plaintiff is not a party to the Underlying Lawsuit, thus rendering any factual findings reached in the Underlying Lawsuit not binding on Plaintiff as a matter of collateral estoppel [ECF No. 35 pp. 5–7]. Even if true, that consideration does not change the Court's discretionary assessment here. Whether or not a factual finding about Pool's permission to drive the vehicle in the Underlying Litigation carries ultimate preclusive effect over Plaintiff in a subsequent proceeding does not minimize the fact that such findings on coverage remain—in the language of *Ameritas*—"important to an informed resolution" in this case. 411 F.3d at 1331.

For these reasons, amplified herein by the *Ameritas* factors, the Report reaches the correct conclusion that the requested declaratory relief as to whether Pool meets the definitions of an "insured" under the Policy is "inextricably intertwined" with factual issues currently being litigated in state court [ECF No. 26 p. 5]. The Court thus exercises its discretion to abstain from, and therefore to dismiss, Plaintiff's claim for declaratory relief as to whether Pool is an insured.

**Third** and finally, for reasons associated with the so-called "eight corners rule" under Florida law, the Court disagrees with the Report's conclusion that the Motion to Dismiss should be denied as to Plaintiff's duty to defend. "Under Florida law, the determination of an insurer's duty to defend falls under the so-called 'eight corners rule,' the name of which refers to the four corners of the insurance policy and the four corners of the underlying complaint." *Addison Ins. Co. v. 4000 Island Blvd. Condo. Ass'n, Inc.*, 721 F. App'x 847, 854 (11th Cir. 2017) (citing *Mid-Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174, 182 (Fla. Dist. Ct. App. 2015)). "Put simply, the eight corners rule provides that an insurer's duty to defend its insured against a legal action 'arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage.'" *Addison Ins. Co.*, 721 F. App'x at 854 (quoting *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442–43 (Fla. 2005). In special circumstances, however, a court may consider extrinsic facts beyond the eight corners "if those facts are undisputed" and "clearly would have placed the claims outside the scope of coverage" had they been pled in the complaint. *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) (first citing *Nateman v. Hartford Cas. Ins. Co.*, 544 So. 2d 1026 (Fla. 3d Dist. Ct. App. 1989), and then citing *Nationwide Mut. Fire Ins. Co. v. Keen*, 658 So. 2d 1101 (Fla. 4th Dist. Ct. App. 1995)). Importantly, however, that exception is a narrow one reserved for "exceptional cases" in which "it is manifestly obvious to all involved that the actual facts placed the claims outside the scope of coverage.'" *Stephens*, 749

F.3d at 1323–24 (11th Cir. 2014) (quoting *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 786 (11th Cir. 2008)).

Defendants observe [ECF No. 28 pp. 5–8], without substantive disagreement from Plaintiff [ECF No. 35 p. 2], that the Report necessarily considers extrinsic facts beyond the eight corners of the policy and the underlying complaint—namely, EICW's allegation that Pool did not have permission to operate the vehicle (an allegation different from what is alleged in the Underlying Lawsuit).[3]  In view of that extrinsic evidence, Plaintiff invokes the narrow exception to the eight corners rule [ECF No. 35 pp. 2–5].  Specifically, Plaintiff argues that, pursuant to the exception described in *Nateman*, the eight corners rule "does not apply when, like here, the issue is whether the person seeking coverage is, in fact, an insured" [ECF No. 35 p. 2].  *See Nateman v. Hartford Cas. Ins. Co.*, in which the 544 So. 2d 1026, 1027 (Fla. 3d Dist. Ct. App. 1989) (describing an exception to the eight corners rule "where, notwithstanding allegations in the petition to the contrary, the insurer successfully urges the alleged insured is not in fact an insured under the policy").  This argument is unconvincing; Plaintiff has not shown, based on clear or otherwise uncontroverted evidence, that Pool is a stranger to the insurance contract.  *See Orange & Blue Constr., Inc. v. HDI Glob. Specialty SE*, No. 19-CV-81707, 2020 WL 6343327, at *5 (S.D. Fla. Aug. 25, 2020) ("It is clear, therefore, that this is a narrow exception which should be employed only when the uncontroverted evidence makes clear that the defense would otherwise be provided to a 'stranger' to the contract." (citing *Nationwide Mut. Fire Ins. Co. v. Keen*, 658 So. 2d 1101, 1103 (Fla. 4th Dist. Ct. App. 1995))).  Rather, in this case, the issue of whether Pool was a

---

[3] [ECF No. 28 pp. 5–8; *compare* Plaintiff's Complaint ECF No. 1 ¶ 10 ("Michael A. Pool did not have permission from Ebsary Foundation Co., Inc. to operate the vehicle."); *with* underlying complaint ECF No. 1-1 ¶ 10 ("On or about December 22, 2016, Defendant, Michael A. Pool, was the permissive operator of Defendant, Ebsary Foundation Company's 2011 Chevy Truck . . . .")].

permissive driver (and therefore insured under the policy) is explicitly in dispute, and Plaintiff has not proffered any uncontroverted evidence that Pool lacked permission to drive the vehicle. For that reason, the limited exception in *Nateman* does not fit this case, and the eight corners rule applies.

Applying the eight corners rule, the Court's assessment of the duty to defend is limited solely to the factual allegations in the underlying complaint. Under that version of the facts, it is undisputed that Pool is an insured and that Plaintiff has a duty to defend in the Underlying Lawsuit. Accordingly, Plaintiff's claim for relief declaring that it owes no duty to defend fails, and dismissal is warranted.

## CONCLUSION

It is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 26] is **ACCEPTED IN PART AND REJECTED IN PART**.
2. Defendants' Motion to Dismiss [ECF No. 12] is **GRANTED**.
3. Plaintiff's claim for declaratory relief is **DISMISSED WITHOUT PREJUDCE**.
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 2nd day of September 2022.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record